**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE RICARDO BONILLA RAMOS,

    Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

No. 23-453

Agency No.
A202-087-087

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2024**
Pasadena, California

Before: SILER ***, BEA, and IKUTA, Circuit Judges.

Jose Ricardo Bonilla Ramos, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The parties are familiar with the facts, so we discuss them here only where necessary. We deny Bonilla's petition for review and grant his unopposed motion to supplement the record.

We have jurisdiction under 8 U.S.C. § 1252(a). "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review factual findings for substantial evidence. *Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020). "Whether a group constitutes a 'particular social group' is a question of law," which we review de novo. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014). Likewise, we review questions of law regarding CAT claims de novo. *Park v. Garland*, 72 F.4th 965, 978 (9th Cir. 2023).

1. Bonilla's first claim fails because "El Salvadoran nationals who have refused to join the gangs and are then the targets of retaliation for their refusal to join" is not a cognizable particular social group. To establish that a proposed social group is cognizable for purposes of withholding of removal, an applicant must show that the proposed social group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237

(B.I.A. 2014). Individuals who are the target of gang retaliation share no "common characteristic[s] aside from persecution." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1086 (9th Cir. 2020). In other words, the group would not exist if not for the harm— in this case, the retaliation—asserted against them. *Id.* Therefore, Bonilla's proposed social group is "impermissibly circular." *Id.*

We now turn to the question of whether Bonilla's proposed social group is cognizable if defined without reference to the fact of persecution. Absent the impermissibly circular reference to retaliation, Bonilla's proposed social group of "El Salvadorans who have refused to join gangs" still does not constitute a cognizable social group. Bonilla did not present to the BIA any evidence showing that individuals who refuse to join gangs or those who file a police report about gang activity are perceived or recognized as a group by Salvadoran society. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) ("For example, if there were evidence that, in a specific country, people in the community knew who reported crimes to the police, or if there were laws protecting those who did, the proposed group potentially could be cognizable."). Nor did Bonilla present any evidence of a Salvadoran law or program protecting those who make police reports against gangs. *See id.* at 1243-44. Moreover, Bonilla's citation to a report referring to "members of vulnerable populations" does not compel a conclusion contrary to the agency's regarding social distinction. And although Bonilla argues that his social group is

defined by their tattoos, age, and gender, he failed to include these traits in the definition of his social group before the IJ. Bonilla has therefore failed to establish a cognizable social group and is ineligible for asylum or withholding of removal.

2. Because Bonilla did not present his second proposed social group—individuals taking concrete steps to oppose gang membership and gang authority—to the IJ, we will not consider it here. *Matter of W-Y-C & H-O-B-*, 27 I. & N. Dec. 189 (B.I.A. 2018).

3. Bonilla forfeited his CAT argument. To be eligible for CAT relief, Bonilla must show that it is more likely than not that he would be tortured by or with the consent or acquiescence of a Salvadoran public official. *See Diaz-Reynoso*, 968 F.3d at 1089. In his opening brief, Bonilla contests the BIA's finding that he did not establish that it is more likely than not that a public official would acquiesce to any future torture. But he failed to address the BIA's findings that he had not shown that it was more likely than not that he would be tortured upon his return and that he failed to show a particularized and non-speculative risk of torture. Therefore, he forfeited these arguments, and his CAT claim fails. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (holding that this court will not ordinarily consider matters "that are not specifically and distinctly argued in appellant's opening brief" (quoting *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992))).

**PETITION DENIED.**